UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted October 26, 2006*

Decided November 3, 2006

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** MICHAEL S. KANNE, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

No. 06-2795

LINDA SHELTON,
    *Plaintiff-Appellant*,

    *v.*

THOMAS J. KNOX, *et al.*,
    *Defendants-Appellees*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 06 C 3162
Charles P. Kocoras, *Judge*.

## Order

Linda Shelton contends in this suit under 42 U.S.C. §1983 that officers of the Oak Lawn, Illinois, police violated her rights under the fourth amendment by arresting her for trespass on the request of Advocate Christ Hospital, where she used to be employed as a physician. Although the Hospital had barred her from its grounds, Shelton entered anyway, asserting a right to serve the Hospital and some of its employees with process in a suit that she had filed in state court. The Hospital declined to allow her entry, and Shelton was arrested when she refused to leave.

All of this is according to Shelton's complaint. The district judge dismissed the suit as frivolous on the ground that Shelton (who is representing herself) is delu-

---

* The defendants were not served with process in the district court and have not participated in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

sional. Dismissal was without prejudice to refiling if Shelton paid all required fees. See 28 U.S.C. §1915(e)(2)(B); *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). Yet the allegations are not beyond belief. Shelton is a vexatious litigant (on August 9, 2006, we entered an order requiring her to prepay all filing and docket fees in all future litigation in the courts of this circuit), and the Hospital is one of her favorite targets. She was fired for disruptive conduct; the Hospital does not want her around. It is therefore possible that things happened just as the complaint describes them.

Nonetheless, the complaint was properly dismissed because it does not state a viable claim. See 28 U.S.C. §1915(e)(2)(B)(ii). The complaint itself shows that the arrest was supported by probable cause: knowing that she had been barred from the premises, Shelton reentered and refused to depart. She maintains that she was privileged to enter in order to serve process, yet claims of privilege are defenses, and police have probable cause to arrest while leaving defenses to the criminal process. See, e.g., *Gordon v. Degelmann*, 29 F.3d 295 (7th Cir. 1994). Anyway, Shelton does not cite any state law creating such a privilege. Illinois requires process to be served by "a private person over 18 years of age and not a party to the action." 735 ILCS 5/2-202. Shelton therefore was not qualified to serve process in her own suit. Moreover, although Illinois permits a process server to enter private premises peaceably, it also provides that process servers cannot use force to overcome resistance. *Syndacker v. Brosse*, 51 Ill. 357 (1869). If Shelton really wanted to achieve service, rather than cause a ruckus, she had only to hire a third party or use the provision of Illinois law allowing service by mail.

According to the complaint, the judge to whom Shelton's suit had been assigned had given her permission to serve process in her own case. If that is so, and if the Hospital or the local police violated a judicial order, then Shelton should have taken her protest to the issuing judge. Section 1983 does not designate federal courts as the enforcers of state judges' orders. See *Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005).

Shelton joined some state claims with her federal claim under §1983. When she failed to pay the fees required to litigate in federal court, the district court converted the original dismissal, which had been without prejudice to refiling as a paid suit, to one "with prejudice to her refiling in federal court." That step properly leaves a state forum open to Shelton's state-law claims. (There is no independent basis of federal jurisdiction over the state-law theories; all parties appear to be citizens of Illinois.)

                                                                                                          AFFIRMED